1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MANDY EVA LOUISE ALEC, | ) 1:11-cv-01385 GSA |
| Plaintiff, | ) |
| | ) **ORDER CONTINUING HEARING ON** |
| | ) **THE MOTION TO WITHDRAW AS** |
| v. | ) **ATTORNEYS OF RECORD** |
| | ) |
| COUNTY OF CALAVERAS, et al., | ) **ORDER REQUIRING TELEPHONIC** |
| | ) **APPEARANCES** |
| Defendants. | ) |
| _____ | ) |

16
17

***Relevant Procedural Background***

18      On August 18, 2011, Defendants County of Calaveras and Sheriff Gary Kuntz removed

19 this matter from Calaveras County on the basis of federal question jurisdiction.  (Doc. 1.)  At the

20 time her complaint was filed in the state court, Plaintiff Mandy Eva Louise Alec was represented

21 by attorneys Jeffrey A. Silvia and Peter J. Whipple.  (Doc. 1, Ex. A.)

22      On September 29, 2011, Silvia filed an Association of Counsel wherein he advised the

23 Court that Michael F. Babitzke had become associated with the matter as co-counsel for Plaintiff.

24 (Doc. 4.)

25      On March 8, 2012, a Motion to be Relieved as Counsel was filed on behalf of Mr. Silvia

26 and Mr. Babitzke as Plaintiffs' counsel.  The moving papers assert that "good grounds for

27
28                                                 1

1  withdrawal exist under the Rules of Professional Conduct," and indicate that, if necessary, Silvia

2  and Babitzke will supply the Court with a sealed affidavit or testify as to the particulars of the

3  conflict.  The motion seeks to have Plaintiff represent herself.  Plaintiff and counsel for the

4  defense were served with the motion.  (Doc. 21.)

5         On May 1, 2012, a Declaration of Peter J. Whipple was filed in support of the motion.[1]

6  Whipple declared he has had very little involvement in this case, indicating that he was involved

7  only in preparation of the complaint that was filed in the state court.  Further, Whipple declared

8  that it was his "understanding that when Mr. Babitzke associated in as counsel that [his]

9  involvement in this matter was to cease."  (Doc. 23.)

10        ***The Hearing***

11        Neither Mr. Babitzke nor Mr. Silvia appeared at the hearing on their motion.  Rather,

12  attorney Robert Shapiro specially appeared on behalf of Mr. Babitzke only.  Mr. Whipple did not

13  appear.  Plaintiff did not appear.

14        Counsel for Plaintiff are advised that Mr. Shapiro lacks sufficient knowledge of this

15  motion to answer the Court's inquiries about Plaintiff's legal representation.  The Court will not

16  relieve counsel, potentially leaving Plaintiff in the absence of legal representation, without

17  having the opportunity to hear directly from involved counsel.  Counsel for Plaintiff are further

18  advised that a motion to withdraw is not a proceeding for which counsel should arrange to have

19  another attorney make a special appearance, depriving the Court of its opportunity to inquire into

20  the nature of the conflict or otherwise inquire into the status of legal representation for the

21  plaintiff.

22  //

23  //

24

25        [1] The Court contacted Mr. Whipple after a preliminary review in preparation of the motion.  According to
    this Court's docket, Plaintiff is currently represented by attorneys Silvia, Whipple and Babitzke.  All three attorneys
26  have received CM/ECF notifications following all filings in this matter.  An association of counsel is not a
    substitution of counsel.  The Association of Counsel filed September 29, 2011, did *not* substitute Mr. Babitzke in
27  place of Mr. Whipple, contrary to any party's belief otherwise.

28                                           2

**ORDER**

In light of the foregoing, this Court orders as follows:

1.      The hearing on the pending motion is CONTINUED to **May 25, 2012, at 9:30 a.m. in Courtroom 10** before the undersigned;

2.      All counsel of record for Plaintiff - specifically, Silvia, Babitzke *and* Whipple - SHALL appear in person or telephonically[2] and be prepared to answer the Court's inquiries regarding their representation; and,

3.      Mr. Whipple, should he intend to withdraw, SHALL file a motion to withdraw as attorney of record, no later than May 11, 2012.


IT IS SO ORDERED.

**Dated:    May 4, 2012**          _____/s/ **Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Should counsel elect to appear telephonically, they shall arrange a one-line conference call before calling into chambers directly at (559) 499-5960 at 9:30 a.m. on the date of the hearing.