1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANDY EVA LOUISE ALEC, | ) | 1:11-cv-01385 GSA |
| | ) | |
| Plaintiff, | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF CALAVERAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Following removal from state court in August 2011, counsel for Plaintiff Mandy Eva Louise Alec, more specifically attorneys Jeffrey A. Silvia and Michael F. Babitzke, filed a motion seeking to withdraw as counsel for Plaintiff.  The hearing on the motion was set for Friday, May 4, 2012, at 9:30 a.m. in Courtroom 10 of this Court.  (*See* Doc. 21.)

On May 4, 2012, the Court called the matter, however, Plaintiff did not appear.  Because Plaintiff may be left without legal representation if the motion to withdraw  is granted, the Court intended to advise Plaintiff of her various obligations regarding the prosecution of this action and/or would have provided Plaintiff with time within which to obtain new legal representation.

//

1

1    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules

2    or with any order of the Court may be grounds for imposition by the Court of any and all

3    sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

4    control their dockets and "in the exercise of that power, they may impose sanctions including,

5    where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th

6    Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

7    an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v.*

8    *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

9    *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

10   order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

11   1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

12   apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

13   for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

14   1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In

15   determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or

16   failure to comply with local rules, the court must consider several factors: (1) the public's interest

17   in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

18   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

19   and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779

20   F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

21   Plaintiff Mandy Eva Louise Alec is **ORDERED** to appear on **May 25, 2012, at 9:30 a.m.**

22   **in Courtroom 10**, to show cause, if any, for her failure to appear at the hearing of May 4, 2012.

23   Finally, Plaintiff is cautioned that a failure to appear at the hearing on this Order to Show Cause

24   may result in a dismissal of this action.

25

26   IT IS SO ORDERED.

27

28                                                2

**Dated:** __May 4, 2012__          _____/s/ Gary S. Austin_____
UNITED STATES MAGISTRATE JUDGE

3