1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  MANDY EVA LOUISE ALEC,                    CASE NO. 1:11-cv-1385 GSA

10                    Plaintiff,             **AMENDED SECOND INFORMATIONAL
                                             ORDER - NOTICE AND WARNING OF**
11        v.                                 **REQUIREMENTS FOR OPPOSING
                                             DEFENDANTS' SUMMARY JUDGMENT**
12  COUNTY OF CALAVERAS, et al.,             **MOTION**

13                    Defendants.            (Doc. 37)
                                        /
14

15        Plaintiff is proceeding pro se in this civil action.  Defendants filed a motion for summary

16  judgment on March 15, 2013.  The Court hereby notifies Plaintiff of the following rights and

17  requirements for opposing the motion:

18        1. Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local

19  Rule 230.

20        2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants'

21  motion for summary judgment.  Local Rule 230(c).  <u>If Plaintiff fails to file an opposition or a</u>

22  <u>statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure</u>

23  <u>to prosecute.</u>  The opposition or statement of non-opposition must be filed not more than 14 days

24  preceding the noticed hearing date.  <u>Id.</u>

25        3.  A motion for summary judgment is a request for judgment on some or all of Plaintiff's

26  claims in favor of Defendants without trial.  Fed. R. Civ. P. 56(a).  Defendants' motion sets forth the

27  facts which they contend are not reasonably subject to dispute and that entitle them to judgment as

28  a matter of law.  Fed. R. Civ. P. 56(c).  This is called the Statement of Undisputed Facts.  Local Rule

1  260(a).

2       Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion,

3  Plaintiff must show proof of his or her claims.  Plaintiff may agree with the facts set forth in

4  Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

5       In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion,

6  he may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff

7  may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a)

8  the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and

9  (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which

10  Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff

11  believes prove his claims;[1] (3) Plaintiff may rely upon written records but Plaintiff must prove that

12  the records are what he claims they are;[2] or (4) Plaintiff may rely upon all or any part of the transcript

13  of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

14  Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence,

15  Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial.

16  Fed. R. Civ. P. 56(e).

17       In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff

18  to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts

19  which are undisputed and deny those which are disputed.  If Plaintiff disputes (denies) a fact,

20  Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition,

21  interrogatory answer, admission, or other document).  Local Rule 260(b).

22       4.  If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet

23

24      [1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are
25  based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement
    is competent to testify.  28 U.S.C.  § 1746; Fed. R. Civ. P. 56(c)(4).  A declaration must be dated and signed under
26  penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true
    and correct.  Executed on (date). (Signature)."  28 U.S.C. § 1746.

27      [2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the
28  opposing party.  Fed. R. Civ. P. 56(e).

1  able to present facts to justify the opposition to the motion, the Court will consider a request to

2  postpone consideration of Defendants' motion.  Fed. R. Civ. P. 56(d).  Any request to postpone

3  consideration of Defendants' motion for summary judgment must include the following: (1) a

4  declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a

5  showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for

6  summary judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); Tatum

7  v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006);  State of California

8  v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  The request to postpone the motion for summary

9  judgment must identify what information is sought and how it would preclude summary judgment.

10  Blough, 574 F.3d at 1091 n.5; Tatum, 441 F.3d at 1100-01; Margolis v. Ryan, 140 F.3d 850, 853

11  (9th Cir. 1998); Local Rule 260(b).

12      5.  Unsigned declarations will be stricken, and declarations not signed under penalty of

13  perjury have no evidentiary value.

14      6.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure,

15  or the Local Rules of the Eastern District of California may result in the imposition of sanctions

16  including but not limited to dismissal of the action or entry of default.

17

18

19      IT IS SO ORDERED.

20      **Dated:   April 17, 2013**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3