# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY EVA ALEC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALAVERAS COUNTY; CALVERAS COUNTY SHERIFF'S DEPARTMENT; GARY KNUTZ CALAVERAS COUNTY SHERIFF, and MICHELLE BUSBY,<br><br>　　　　Defendants. | 1:11-cv-1385 GSA<br><br>**ORDER DISMISSING THIS ACTION FOR A FAILURE TO OBEY A COURT ORDER**<br><br>(Doc. 37) |

## PROCEDURAL BACKGROUND

Defendants County of Calaveras, (erroneously sued as Calaveras County), Calaveras County Sheriff's Department, and Gary Knutz, Sheriff of Calaveras County ("Defendants"), removed this civil rights action from the Calaveras County Superior Court to this Court on August 18, 2011 (Doc. 1.).[1]  In the Complaint, Plaintiff, Mandy Eva Alec ("Plaintiff"), alleges violations pursuant to 42 U.S.C. § 1983.  Plaintiff is currently proceeding pro se as this Court permitted her attorney to withdraw from this case on July 2, 2012. (Doc. 33).

---

[1] All parties in this case have consented to Magistrate Judge jurisdiction.  (Docs. 8 & 10).  Michelle Busby was terminated as a defendant in this action on December 20, 2011.  (Doc. 20).

1   On March 15, 2013, Defendants filed a Motion for Summary Judgment. (Doc. 37). The hearing on the motion was scheduled for April 26, 2013. Pursuant to Local Rule 230 (c), Plaintiff was required to file an opposition or a statement of non-opposition no less than fourteen (14) days prior to the hearing. *See*, Local Rule 230(c).

Plaintiff failed to file her response by April 12, 2013, as required. On April 17, 2013, this Court issued an order requiring Plaintiff to file an opposition or statement of non-opposition to Defendant's Motion for Summary Judgment no later than May 24, 2013. (Doc. 38). To date, Plaintiff has failed to file any response to this Court's order.

## DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v Housing Auth.*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d at 1423-24; *Malone v. U.S. Postal Service*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali v. Moran*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff failed to respond to a dispositive motion even after this Court issued an order advising Plaintiff that she must do so. There is no reason to believe Plaintiff will comply or otherwise participate in litigating this case.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that a failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone v. U.S. Postal Service*, 833 at 132-33; *Henderson v. Duncan*, 779 F.2d at 1424. Here, the Court's order expressly advised Plaintiff that if she failed to comply with this order, the action would be dismissed with prejudice for failure to comply with the Court's order and failure to prosecute. (Doc. 38 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order.

**ORDER**

Accordingly, this action is dismissed with prejudice based on Plaintiff's failure to obey the Court's order dated April 17, 2013, and for a failure to prosecute this action. The Clerk of the Court is ordered to enter judgment against Plaintiff and in favor of Defendants, County of Calaveras, Calaveras County Sheriff's Department, and Gary Kuntz, Calaveras County Sheriff.

This order terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   May 31, 2013                    /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE